NATHANIEL P. HARBIN, plaintiff in error, vs. ISAAC M. ROBERTS, executor, etc., for defendant in error.

1. One who holds notes sued on, as collateral security for the payment of a debt due to him from the plaintiff in the action, is an incompetent witness for the plaintiff in such action.
2. A judgement in a claim case, finding a lot of land subject to the payment of a *fi. fa.* against a vendor and warrantor, is sufficient evidence of an eviction of the vendee, though the land may not have been brought to sale under the judgment, and though the vendee and claimant may not have been actually turned out of possession.
3. A verdict and judgment, in accordance with the law and facts of a case, will not be disturbed.

Assumpsit, in Whitfield Superior Court. Tried before Judge DAWSON A. WALKER, at May Term, 1861, and motion for a new trial decided at Chambers, on 4th day of June 1861.

The questions presented for adjudication in this case, arose out of the following statement of facts, to-wit: On the 29th of March, 1860, Nathaniel P. Harbin, instituted an action in the Superior Court of Whitfield county, against Isaac M. Roberts, as executor of the last will of Jeremiah Roberts, deceased, to recover the sum of $600 00 alleged to be due on two promissory notes executed by Jeremiah Roberts, in his lifetime, payable to Isaac J. Collier, or bearer, dated the 18th of June, 1858, for $300 00 each, one due 25th December, 1858, and the other due twelve months after date, and both transferred to said Harbin.

To this action the defendant pleaded a failure of consideration, alleging, that the notes were executed for the purchase price of lot of land, number 264, in the 8th district of the 3d section of Murray county, which Collier, the payee, sold to defendant's testator, conveying the same with warranty of title, and that the land was levied on and found subject to the payment of judgments existing against Collier at the time of the conveyance, that Collier was wholly insolvent, and that plaintiff purchased the notes with full knowledge and notice of the consideration of the notes, and the total

failure of such consideration. On the trial of the case in the Court below, the plaintiff read in evidence the notes sued on, and there rested his case.

In behalf of the defendant it was shown, by an exemplification from the records of Murray Superior Court, that the lot of land aforesaid had been levied on by virtue of a *fi. fa.* from Coweta Superior Court, in favor of Wardlaw, Walker & Co., against Isaac J. Collier, founded on a judgment obtained in September, 1855, that a claim was regularly interposed by Isaac M. Roberts, as the executor of the last will of Jeremiah Roberts,· deceased, that after a regular trial of the claim, the land was found subject to said *fi. fa.*, by the judgment of said Court.

The defendant also proved by several witnesses, that Harbin knew, before he traded for the notes, that they were given for the land aforesaid, and was expressly informed that Collier was insolvent, and that there were subsisting judgments against him for a larger amount than the notes or the value of the land obtained, before he sold the land to Jeremiah Roberts, that Harbin bought the notes at a large discount, giving as a reason for buying them in despite of notice of the facts aforesaid, that the notes would be good, as they were given for land, and he was buying them before they were due, and was willing to take the chances.

Pending the trial, the plaintiff offered C. B. Wellborn as a witness, to rebut the testimony of the defendant, and to show the circumstances under which Harbin purchased the notes, and that he purchased them without notice of the facts presented as a defence to the action, and with the consent of defendant's testator, but it appearing by the witness himself that he held the notes sued on, as collateral security for the payment of a debt due from the plaintiff to him, the Court adjudged him incompetent to testify in the case, notwithstanding the witness·stated that he held other collaterals besides these notes, more than sufficient to pay off his claim against the plaintiff. The presiding Judge decided, that he would allow the witness to testify, if he would state that he

Harbin *vs.* Roberts, ex'r.

had no interest in the notes sued on, or would release his claim upon them, which he refused to do.

The testimony having closed, the Court charged the jury, amongst other things, "that the judgment finding the land subject as aforesaid, was sufficient evidence of an eviction, and of a failure of consideration, if the plaintiff had notice of the facts constituting the defence, at the time he purchased the notes."

Counsel for the plaintiff requested the Court to charge the jury, "that it would not be equitable and just for Roberts to keep the title to the land, and get rid of the payment of the notes, and that the remedy of the vendee when his title fails, is against the vendor on his warranty, if there be a warranty, and that if the lot of land should never be brought to sale, and Roberts perfects the title by paying less than the amount of the notes, then he would only be allowed a credit, as against Collier, for the amount he paid out to perfect the title."

This charge the Court declined to give, and plaintiff excepted. The jury returned a verdict in favor of the defendant, and counsel for the plaintiff then moved for a new trial on the grounds:

1. That the Court erred in rejecting the testimony of the witness, Wellborn, under the circumstances before detailed.

2. That the Court erred in charging, and in refusing to charge the jury, as hereinbefore stated.

3. That the verdict was contrary to law and evidence, and strongly and decidedly against the weight of the evidence and without sufficient legal evidence to support it.

The Court overruled the motion, and refused the new trial, and the plaintiff by his writ of error seeks to reverse that judgement on the ground of alleged error.

L. W. Crook and W. K. Moore, for plaintiff in error.

W. H. Dabney and J. M. Jackson, for defendant in error.

Harbin *vs.* Roberts, ex'r.

*By the Court*—JENKINS, J., delivering the opinion,

To test the competency of the witness, Wellborn, (objected to on the score of interest) he was examined on his *voire dire.* He stated that " the notes sued on, together with others, had been transfered to him as collateral security for a debt due him by the plaintiff, but, that the other notes held in like manner, were abundantly sufficient to secure his debt." The latter declaration is relied upon to show the absence of interest and to establish his competency. The interest to disqualify the witness " must be some legal, certain and immediate interest, either in the event of the cause itself, or etc." 1st, Greenleaf on Evidence, section 386. Wellborn has the legal title to the notes. In the event of a recovery, he would be entitled to the money recovered. He would be immediately benefitted thereby. True, if this recovery be defeated, he has other recourse; his debt is not thereby certainly lost, but his security is weakened, and there is no absolute certainty that the remaining security would be available. The recovery in this case would make certain, that which must otherwise remain uncertain, viz : the realization, *pro tanto*, of his chose in action. He had a legal interest because the title was in him. He had a certain interest because it did not rest in hope or expectation, but accrued by contract. He had an immediate interest because the fruits of the judgment in the event of recovery would pass to him. " When the immediate effect of a judgment for the plaintiff is to place the witness in the enjoyment of a right, he is incompetent." 1st Greenleaf on Evidence, section 392; Rex vs. Williams, 9 B. and C., 594.

Although the proper test of disqualifying interest, is the legal conclusion from facts developed, as already applied in this case, that conclusion is strengthened by the apparent impression on the witness' mind. He would not say he had no interest. He refused to release any interest he might have. He evidently thought as we think, he had an interest and refused to relinquish it.

This Court has expressly decided that in an action of cove-

nant on a warranty of title, the judgment against the warrantee in an action of ejectment upon a paramount title, was sufficient evidence of eviction without adducing a writ of possession executed. This case rests upon the same principle. The plea interposed against the recovery on the notes, is failure of consideration, which consists in these facts, viz: the notes were given for a tract of land, which has since been levied upon under an execution against the vendor and payee of the notes, for a sum larger than the amount of the notes. The vendee and maker of the notes interposed a claim to the land, under our statute, and by final judgment the land has been made subject to the execution, and the charge given is right. It follows from the ruling, that the Court below properly refused to give the charge asked by the plaintiff. We therefore hold that, that Court committed no error in overruling the motion for a new trial.

Let the judgment be affirmed.